## DANCIGER v. HAMMOND. (No. 68.)*

(Court of Civil Appeals of Texas. Waco. June 12, 1924. Rehearing Denied Oct. 16, 1924.)

1. **Mines and minerals ⬯109—Allegations in petition held not attempt to affirm contract in part and rescind in part.**

Where defendant had contracted to dig well for oil and gas and deposit $10,000 in bank, upon plaintiff executing an oil and gas lease, and showing good title thereto, plaintiff's petition, alleging that defendant had agreed to deposit $10,000 in bank, that bank was to pay money to plaintiff when title accepted, that by defendant's fraud or by mutual mistake contract as drawn did not so provide, and that defendant had not made such deposit, *held* not objectionable as attempt by plaintiff to affirm contract in part and rescind in part.

2. **Mines and minerals ⬯109—Failure of one party to comply with contract does not prevent other from recovering, upon compliance on his part.**

Where defendant had contracted to deposit $10,000 in bank, to be paid to plaintiff upon latter executing oil and gas lease contract and showing good title, fact that defendant did not place money in bank as provided would not defeat plaintiff's right to recover on his compliance with contract.

3. **Appeal and error ⬯204(1)—Failure to except to admission of testimony precludes review.**

Admission of testimony not excepted to is not reviewable.

4. **Appeal and error ⬯1001(1)—Verdict supported by evidence conclusive.**

Verdict supported by evidence is conclusive on appeal.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Action by W. R. Hammond, Sr., against Joseph Danciger. From a judgment for plaintiff, defendant appeals. Affirmed.

O. F. Watkins and Keys & Bailey, all of Mexia, for appellant.

W. T. Jackson and C. S. & J. E. Bradley, all of Groesbeck, for appellee.

BARCUS, J. On November 19, 1921, appellant and appellee entered into a written con-

tract, under the terms of which, in substance, appellant agreed to pay appellee $10,000 and drill a well to a depth of 3,500 feet, in search of oil or gas, unless same was found at a lesser depth, on a 400-acre tract of land belonging to appellee, near Kosse; said well to be begun within 60 days from the date the title to the property was accepted. In consideration of said payment and the drilling of said well, appellee agreed to execute an oil and gas lease contract to appellant on the standard "88" form to said 400 acres of land and deposit same with the contract in the bank at Kosse, to be delivered to appellant when the money was paid and the well begun, and agreed to furnish appellant an abstract, showing a good merchantable title; same to be examined and passed on by appellant's attorney, and acceptable to appellant. The contract provided that, if there were any objections to the title which could not be made satisfactory to appellant by January 3, 1922, appellant had the option to accept the oil and gas lease contract and waive the defects in the title, or declare the contract null and void. Under the written contract, the $10,000 was to be deposited in the bank at Kosse, to be delivered to appellee within 60 days after the title was approved, and the contract provides that, if appellant did not begin drilling the well within 60 days after the approval or acceptance of the title, the $10,000 should be forfeited to appellee as liquidated damages.

Appellant in his answer admitted the execution of the contract, and the only defense interposed by him was that appellee had failed to furnish a merchantable title to the property and that neither he nor his attorneys had approved same, and that appellee had failed to cure the defects pointed out to the title by his attorneys, and by reason thereof he had exercised his right under the contract to declare same null and void. Appellant pleaded that, if appellee had complied with his part of the contract and furnished the title, he was at all times during the life of the contract ready, able, and willing to carry out same according to its terms.

The cause was submitted to the jury on special issues, and the jury found that appellant, prior to January 3, 1922, personally agreed to waive the objections to the title made by his attorneys and agreed to accept the title as shown by the abstract. The jury further found that, but for said agreements, appellee could and would have met or cured all of the objections pointed out by defendant's attorneys, and found that appellant, after he accepted the title, agreed to pay plaintiff the $10,000 on January 3, 1922. Based on the findings of the jury and additional findings by the court, judgment was rendered by the court in favor of appellee and against appellant for $10,000, with interest from date of the judgment.

[1, 2] Appellee in his petition alleged that under the contract as made between him and appellant, appellant, at the time the contract was signed, agreed to deposit in the bank at Kosse the $10,000 with said contract and the oil and gas contract, and that the bank was to pay the money to appellee as soon as the title was accepted; that either by fraud on the part of appellant or mutual mistake of all the parties the contract as actually drawn by appellant did not provide for the money to be placed in the bank at the time the contracts were executed, but provided that the money would be placed in the bank when the title was accepted, to be paid to appellee 60 days thereafter or upon the beginning by appellant of actual drilling operations, and alleged that appellant had not deposited the money in the bank. Appellant contends that by reason of said allegation being contained in the petition the effect of appellee's suit was an effort on the part of appellee to affirm the contract in part and seek a rescission as to other parts. We do not think this is a proper construction to be placed on appellee's petition.

The appellant admitted that he had made the contract and had agreed to deposit $10,000 in the bank, to be paid to appellee within 60 days after the approval or acceptance of the title to the land, provided the title was so furnished to or accepted by him before January 3, 1922. As we construe appellee's petition, it alleges all the facts and is a suit to recover the $10,000 provided for in the contract as liquidated damages. The fact that the money was not placed in the bank by appellant, as provided for in the contract, would not defeat appellee's right to recover same, upon the compliance by him of his part of the contract. The fact that appellee alleged in his petition that, after the contract was signed, appellant agreed to pay the money on January 3, 1922, when the written contract stated that he was not to pay it until 60 days after the title was perfected, becomes immaterial, for the reason that suit was not filed until more than 60 days after January 3d, and as to whether there was a sufficient consideration to change the contract in that respect it is not necessary for us to determine.

[3] Appellant assigns error on the trial court's action in permitting testimony of certain witnesses as to conversations had after the expiration of the contract. No exception was taken to the testimony at the time it was offered, and appellant thereby waived any objection he might have had.

[4] The question as to whether the title furnished by appellee was a merchantable title, and, if not, as to whether same was accepted by appellant in person, and the minor defects, if any, waived were questions for the jury, and, the jury having determined said issues adversely to appellant and there

being evidence to support said findings, it is not the province of this court to set the verdict aside.

We have carefully examined all the assignments of error and do not think they show reversible error.

The judgment of the trial court is affirmed.